# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOSETTE R. SCHAMBECK,

      Plaintiff,

vs.

PATRISIA E. FLORES,

      Defendant.

Case No. 3:14-cv-00118-SLG

## ORDER OF DISMISSAL

Josette R. Schambeck, representing herself, has filed a Complaint under 42 U.S.C. § 1983, and an Application to Waive the Filing Fee under 28 U.S.C. § 1915.[1] Federal law requires that the Court must review the Complaint, and must dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2] In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of the doubt.[3] Before the Court may dismiss Ms.

---

[1] Dockets 1, 3.

[2] 28 U.S.C. § 1915(e)(2)(B); s*ee also Lopez. v. Smith*, 203 F.3d 1122, 1129 n. 10 (9th Cir. 2000) ("It is true that 1915(e)(2)'s provision for dismissal for failure to state a claim itself penalizes indigent non-prisoner plaintiffs for the alleged abuses of prisoner plaintiffs. However, Congress inserted 1915(e)(2) into the in forma pauperis statute, and we must follow this clear statutory direction.").

[3] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in

Schambeck's Complaint, the Court must provide her with a statement of the deficiencies in the Complaint and an opportunity to amend, unless it is clear that amendment would be futile.[4] In this case, amendment would be futile.

A. <u>The parties have been involved in state court litigation against each other</u>.

Ms. Schambeck has brought suit against Patrisia E. Flores, identified as a citizen of the State of Alaska, who is unemployed.[5] The Court takes judicial notice[6] that Ms. Schambeck and Ms. Flores have been involved in the following state court litigation:

On November 1, 2013, Ms. Schambeck filed a petition for an ex parte stalking protective order and for a long term stalking protective order against Ms. Flores, both of which were denied on that day.[7]

---

civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted).

[4] *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105-06 (9th Cir. 2011) ("[Any] attempt to re-plead this claim would be futile. . . . The district court properly concluded that the deficiencies in Silva's complaint could not be cured by an amendment. We therefore affirm the district court's decision to dismiss [the] claim with prejudice and without leave to amend.").

[5] Docket 1 at 1-2.

[6] Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (9th ed. 2009); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[7] *Schambeck v. Flores*, 3AN-13-3274CI, http://www.courtrecords.alaska.gov/eservices.

On January 23, 2014, Ms. Schambeck filed another petition for an ex parte and a long term stalking order against Ms. Flores.[8] An ex parte order was initially granted but, on February 18, 2014, Ms. Schambeck's petition was denied.[9]

On February 18, 2014, Ms. Flores filed a petition for an ex parte stalking protective order and a long term protective stalking order and, on March 5, 2014, the long term order was granted to Ms. Flores.[10] On April 7, 2014, Ms. Schambeck appealed the decision of the Alaska District Court in that case to the Superior Court.[11] Then, on May 10, 2014, Ms. Schambeck was charged with a Class A misdemeanor, for the violation of a stalking protective order.[12] On May 23, 2014, a hearing addressing the long term protective order was held in the state District Court civil case. Although the order was modified upon motions filed by Ms. Schambeck, on June 3, 2014, the court denied her motion to dissolve the long term order.[13]

---

[8] *Schambeck v. Flores*, 3AN-14-0221CI, http://www.courtrecords.alaska.gov/eservices.

[9] *Id.* (1/23/14, 2/5/14, 2/10/14 and 2/18/14 docket notes).

[10] *Flores v. Schambeck*, 3AN-14-0467CI, http://www.courtrecords.alaska.gov/eservices.

[11] *Schambeck v. Flores*, 3AN-14-6087CI, http://www.courtrecords.alaska.gov/eservices.

[12] *State of Alaska v. Josette Rose Schambeck*, 3AN-14-04116CR (AS 11.56.740(a)(2)), http://www.courtrecords.alaska.gov/eservices.

[13] 3AN-14-00467CI (4/7/14, 5/14/14, 5/23/14, 5/30/14 and 6/3/14 events and docket notes).

Ms. Flores's alleged actions in the state cases form the basis for Ms. Schambeck's claims in this case. In addition, Ms. Schambeck appears to have brought at least some of her claims in her most recently-filed state case against Ms. Flores. Ms. Schambeck asserts that, on May 30, 2014, she filed a complaint in the District Court for the State of Alaska against Ms. Flores for "wrongful imprisonment, stalking, harassment, tort, false reports [and] slander."[14]

B. <u>The current allegations pertain to the parties' actions relating to their state court proceedings</u>.

In her first claim for relief in the current case, Ms. Schambeck alleges that Ms. Flores violated Ms. Schambeck's right to be free from cruel and unusual punishment by harassing and bullying her, wrongful imprisoning her, and lying to the state court to secure a restraining order against her.[15] Ms. Schambeck alleges that Ms. Flores "used the courts for personal gain because [Ms. Schambeck's] significant other chooses not to be with Patrisia Flores. Every time we have court[,] Patrisia Flores makes false reports[,] having the police or state troopers pull [Ms. Schambeck] over. . . . [S]he has wrongfully had [Ms. Schambeck] put in jail."[16]

---

[14] Docket 1 at 6; *see also Schambeck v. Flores*, 3AN-14-7178CI (Ms. Flores filed an answer on July 7, 2014); http://www.courtrecords.alaska.gov/eservices.

[15] Docket 1 at 3.

[16] *Id*.

In her second claim, Ms. Schambeck alleges that Ms. Flores has engaged in a "conspiracy to commit tort[s] or unlawful acts."[17] Ms. Schambeck alleges that "Patrisia Flores has posted all over the internet explicit photos sending them to family and friends, making threats towards [Ms. Schambeck] saying she will cause harm to [her], or have someone cause harm to [her,]" and "[t]hen [Ms. Flores] went in[to] court [and] contradict[ed] her testimony over and over, which the judge continued to [allow]."[18] Ms. Schambeck also alleges that Ms. Flores has "slander[ed] [her] in public [and] all over the internet[,] and she thinks it's okay because the system never corrected it. She has continually [posted on] the internet calling [Ms. Schambeck] all kinds of names . . . She has falsely called the police[,] having them harass [Ms. Schambeck] because she isn't getting her way."[19]

In her third claim, Ms. Schambeck alleges that Ms. Flores "had [Ms. Schambeck] arrested. She called the police making false reports. . . . She made false claims in the courts [and] Judge Rogers refused [to give Ms. Schambeck an opportunity] to submit evidence."[20] Ms. Schambeck wants Ms. Flores to be "held responsible for the emotional anguish, the tort, the harassment, all the false

---

[17] *Id.* at 4.

[18] *Id.*

[19] *Id.*

[20] *Id.* at 5.

claims, taking the time from the police force and the court's time with her unstable actions."[21] Ms. Schambeck further requests that Ms. Flores be "held responsible for all court fees, processing fees, police surcharges [and that] she pay the jail charges for wrongful imprisonment."[22]

C. <u>Ms. Flores did not act "under color of state law" as required to state a claim under 42 U.S.C. § 1983</u>.

As a federal court, this is a Court of limited, as opposed to general, jurisdiction;[23] it has authority to hear only specified classes of cases. As the plaintiff, it is Ms. Schambeck's burden to show that the Court has jurisdiction to hear her claims.[24] "Section 1983 . . . creates a private right of action to vindicate violations of 'rights . . . secured by the Constitution and laws' of the United States. Under the terms of the statute," the plaintiff must show that (1) a defendant "act[ed] under color of state law"; to (2) "deprive [the plaintiff] of a constitutional right."[25]

---

[21] *Id.*

[22] *Id.*

[23] *Black's Law Dictionary* (9th ed. 2009) (Jurisdiction is "[a] court's power to decide a case or issue a decree.").

[24] *See K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

[25] *Rehberg v. Paulk*, ___ U.S. ___, 132 S.Ct. 1497, 1501 (2012) (citations and internal quotations omitted).

None of Ms. Schambeck's allegations indicate that Ms. Flores is a state actor;[26] to the contrary, Ms. Schambeck asserts that Ms. Flores is unemployed.[27] The Court of Appeals for the Ninth Circuit has "held that merely complaining to the police does not convert a private party into a state actor. . . . Nor is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action."[28]

Ms. Schambeck has failed to state a plausible claim for relief under 42 U.S.C. § 1983,[29] and without state action she cannot maintain a Section 1983 action in federal court against Ms. Flores.[30] Thus, this federal case will be dismissed.[31]

---

[26] In addition, witnesses are absolutely immune from damages for making false or defamatory statements in judicial proceedings. *Burns v. Reed*, 500 U.S. 478, 489-92 (1991).

[27] Docket 1 at 2.

[28] *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) ("Where a "private party . . . attempted to persuade the police to file charges, and swore out a complaint . . . the Tenth Circuit held that this did not constitute joint action.") (citations omitted); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) ("The Supreme Court has articulated four tests for determining whether a private [party's] actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test.") (citation and internal quotations omitted).

[29] *Iqbal* 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[30] *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2008) ("*Pro se* complaints . . . may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (citations and internal quotations omitted).

**IT IS THEREFORE ORDERED** that:

1. This case is DISMISSED, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. This dismissal is without prejudice to the continued litigation of the parties' state court actions.[32]

2. The Application to Waive the Filing Fee, at Docket 3, is DENIED as moot.

3. Any further outstanding motions are DENIED.

4. The Clerk of Court is directed to enter a Judgment in this action.

DATED at Anchorage, Alaska, this 15th day of July, 2014.

*/s/ SHARON L. GLEASON*
United States District Judge

---

[31] In addition, Ms. Schambeck cannot re-litigate the state court actions in federal court. *See Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ("As courts of original jurisdiction . . . federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings."); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-91 (9th Cir. 1986) (The Court "has no authority to review the final determinations of a state court in judicial proceedings . . . even where the challenge to the state court decision involves federal constitutional issues.") (citing, *inter alia*, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 476 (1983)); *Takahashi v. Board of Trustees of Livingston Union Sch. Dist.*, 783 F.2d 848, 850-52 (9th Cir.), *cert. denied*, 476 U.S. 1182 (1986) ("The [Supreme] Court rejected the argument that Congress in enacting 42 U.S.C. § 1983 'intended to repeal or restrict the traditional doctrines of preclusion.'") (citations omitted).

[32] *See, e.g.*, *Schambeck v. Flores*, 3AN-14-7178CI, *supra* (May 30, 2014 complaint for slander, libel and/or defamation); *see also* Docket 1 at 6 (describing 5/30/14 state case as an action for "wrongful imprisonment, stalking, harassment, tort, false reports [and] slander.").